Albert **FRASSETTO and Wallkill Seven and Ten, L.P.,** Plaintiffs,

v.

**WALLKILL GENERATING COMPANY, L.P. and U.S. Generating Company,** Defendants.

No. 95 Civ. 9147 (JSR).

United States District Court, S.D. New York.

Oct. 24, 1996.

Bonacic & Rich P.C., by John Bonacic, New Hampton, NY, for plaintiff.

Kevin Plunkett, Plunkett & Jaffe by Kevin Plunkett, Richard J. Lambert, White Plains, NY, for defendant.

Sanford L. Hartman, U.S. Generating Co. by Sanford L. Hartman, Bethesda, MD, In–House Counsel for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Following completion of discovery, both sides have moved for partial summary judgment. After consideration of the parties' written submissions and their oral argument on October 21, 1996, the Court concludes that despite the facial doubtfulness of many of plaintiffs' alleged causes of action, triable issues of material fact remain as to all the claims save one: plaintiffs' Fifth Cause of Action to recover monies owed on an alleged oral agreement.

As best one can determine from the somewhat obscure allegations of the Complaint and submissions of plaintiffs on this motion, plaintiffs claim that in the summer of 1994 officers of defendant U.S. Generating Company orally promised to pay plaintiff Frassetto $1,200,000 over the next 13 months "if Mr. Frassetto would allow Plaintiff, Wallkill Seven and Ten, L.P." (which Frassetto effectively owned and controlled) to enter into a renegotiated, long-term lease with defendants on favorable terms. Complaint ¶ 24. While in fact the defendants thereafter executed such a long-term renegotiated lease with plaintiff Wallkill Seven and Ten, *see* Exh. B to Affidavit of Kevin J. Plunkett, Esq. in Support of Defendants' Motion for Partial Summary Judgment at 59, the $1,200,000 facilitating agreement with Frassetto was never reduced to writing. Accordingly defendants contend that this oral agreement is void under the New York statute of frauds, which provides that "[e]very agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith ... if such agreement ... [b]y its terms is not to be performed within one year from the making thereof." N.Y.Gen.Oblig.Law § 5–701(a).[1]

In response, plaintiffs argue that the oral agreement was effectively evidenced by three checks totaling $100,000 that U.S. Generating paid to Frassetto and "Frassetto Enterprises" in October, November, and December, 1994, *see* Exh. 16 to Plaintiffs' Memorandum in Opposition to Partial Summary Judgment, and that "this constituted part performance of an oral agreement and removed it from the Statute of Frauds." Plaintiffs' Memorandum in Opposition to Partial Summary Judgment at 16. However, this completely misapprehends the doctrine of part performance. The doctrine, whose roots lie in equity and in the use of the principles of estoppel to avoid fraud, prevents a defendant from invoking the statute of frauds only where there has been a fraudulent oral promise by the defendant upon which the plaintiff justifiably relies by engaging in acts that are "unequivocally referable"

---

1. Were this alleged agreement construed as a contract concerning real property, the requirement of a writing would be the same, for "[a] contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged." N.Y.Gen.Oblig.Law § 5–703.

to the oral promise, resulting in substantial injury to the plaintiff. *See Marcraft Recreation Corp. v. Francis Devlin Co., Inc.*, 506 F.Supp. 1081, 1085 (S.D.N.Y.1981) (citing *Philo Smith & Co. v. Uslife Corp.*, 420 F.Supp. 1266, 1271–72 (S.D.N.Y.1976)).

Here, the asserted "part performance" consists, not of the requisite acts of any plaintiff, but of payments by defendants. Moreover, far from being "unequivocally referable" to the alleged oral agreement, the payments in question are directly referable to, and indeed required by, the parties' separate written lease.[2] *See* Exh. B to Affidavit of Kevin J. Plunkett, Esq. in Support of Defendants' Motion for Partial Summary Judgment at ¶ 8(b). Further still, at the time the payments were made, plaintiffs explicitly acknowledged in writing that no further monies were due or payable by defendants, and made no mention of any alleged oral agreement of which the payments supposedly formed a part. *See* Exh. J to Affidavit of Kevin J. Plunkett, Esq. in Support of Defendants' Motion for Partial Summary Judgment. Indeed, even in the Affidavit submitted by plaintiff Frassetto in opposition to defendants' instant motion for summary judgment, plaintiff makes no mention of the alleged oral agreement, let alone of any "part performance" thereunder.

Accordingly, the Fifth Cause of Action is hereby dismissed, and the pending motions are in all other respects denied. As previously directed, counsel should jointly call chambers on October 28, 1996 at 7 p.m. to schedule the trial of the remaining causes of action.

SO ORDERED.

---

**2.** While plaintiffs claim the three checks here referred to are not the ones called for by the written lease because they are made out not to the lessor, Wallkill Seven and Ten, but rather to Frassetto and Frassetto Enterprises, there is no serious contention that the former was anything but the alter ego of the latter. In any event, the three checks in no way correspond to the single payment of $150,000 in July, 1994 that the Complaint alleges was the payment contemplated by the alleged oral agreement. Complaint at ¶ 24.